FILED IN MY OFFICE
DISTRICT COURT CLERK
7/31/2017 4:07:44 PM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

ERICA ELLIS,

    Plaintiff,

v.                                            No. D-101-CV-2017-02153

**STATE FARM MUTUAL AUTOMOBILE**    Case assigned to Thomson, David K.
**INSURANCE COMPANY**, a Foreign Insurance
Company licensed to do business in New Mexico,

    **Defendant.**

## COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF THE UNFAIR PRACTICES ACT, BREACH OF FIDUCIARY DUTIES, AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

    **COMES NOW** Plaintiff, Erica Ellis, by and through her counsel of record, the Law Offices of David M. Houliston (David M. Houliston), and in support of her Complaint for Insurance Bad Faith, Breach of Contract, Negligence, Violation of New Mexico Insurance Code, Violation of the New Mexico Trade Practices Act, and Violation of the New Mexico Unfair Practices Act, states as follows:

    1.    Plaintiff, Erica Ellis, is a resident of the City of Carlsbad, County of Eddy, State of New Mexico.

    2.    Defendant State Farm Automobile Insurance Company ("State Farm") upon information and belief is an insurance entity doing business within the State of New Mexico pursuant to the rules and regulations promulgated by the New Mexico Superintendent of Insurance. Defendant State Farm may be found and served with process in the County of Santa Fe, State of New Mexico, by service upon the New Mexico Superintendent of Insurance.

    3.    Venue is proper in the First Judicial District Court, and this Court has jurisdiction over the parties and the subject matter of this action.

**EXHIBIT 2**

4. This Complaint and the allegations contained herein arise from a motor vehicle collision that occurred on October 16, 2014, in the City of Carlsbad, Eddy County, State of New Mexico.

5. At all times material hereto, Plaintiff Erica Ellis was covered by an automobile insurance policy, Auto Policy 097 3994-A12-3 ("the Policy"), issued to her by State Farm which provided the Plaintiff with coverage for damages suffered through the acts or omissions of underinsured/uninsured motorists.

**FACTS COMMON TO ALL COUNTS**

6. Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

7. On October 16, 2014, Plaintiff was involved in a motor vehicle collision in the City of Carlsbad, Eddy County, New Mexico, with Bertha Hernandez ("Ms. Hernandez").

8. Plaintiff was injured in the crash and suffered bodily injuries. Plaintiff made a claim against Ms. Hernandez's insurance company, Farmers Insurance Company of Arizona ("Farmers") at the time of the collision.

9. Farmers accepted liability and made an offer to settle the matter for Ms. Hernandez's policy limits of $50,000.

10. At the time of the collision, Plaintiff's 2013 Chevrolet pick-up was insured by State Farm. However, due to Plaintiff's injuries, she failed to remember that she had a policy with State Farm.

11. In July of 2016, Plaintiff remembered that she had the policy with State Farm and that said policy was in effect at the time of the motor vehicle collision. Plaintiff then began to make calls to her insurance agent, Claudia Phillips, to obtain the policy information.

12. On October 25, 2016, Plaintiff received a copy of her State Farm policy billing documents from her insurance agent, Claudia Phillips.

13. Thereafter in November of 2016, Plaintiff notified State Farm of the motor vehicle collision and her UM/UIM claim in accordance with the terms and conditions of the policy.

14. On November 30, 2016, Plaintiff sent State Farm a letter of representation and requested consent to settle with Farmers on behalf of Bertha Hernandez, the driver who caused the underlying motor vehicle collision ("Ms. Hernandez").

15. On December 6, 2016, State Farm responded and stated that the policy number provided by Plaintiff did not match the party named in the correspondence and claimed there was no insurance policy for Plaintiff Erica Ellis.

16. The same day, December 6, 2016, Plaintiff resent the letter of representation and requested State Farm's consent to settle with Farmers, and included with the letter a copy of the documents provided by Plaintiff showing the policy number, the original letter, State Farm's response and the fax confirmation.

17. No communications or objections were received from State Farm in response to the December 6, 2016 letter from Plaintiff, so Plaintiff settled with Farmers for the policy limit of $50,000.

18. Since State Farm did not respond, on May 4, 2017, Plaintiff again sent the letter of representation with all documents attached, and made a third request for State Farm to establish a claim number in order to submit a claim under Plaintiff's under-insured motorist benefit.

19. Plaintiff received notice from State Farm that the claim was assigned Plaintiff's uninsured/under-insured ("UM/UIM") insurance claim to Erica Duncan.

20. On May 10, 2017, Plaintiff received a letter from State Farm's employee, Erica Duncan, requesting a copy of the Farmers' declarations page from Ms. Hernandez's insurance

3

policy as well as a copy of the letter received from the Farmers' adjuster before Ms. Duncan could provide consent to the settle with Farmers.

21. On May 11, 2017, Plaintiff received a letter from State Farm's employee, Sondra Zimmerman, State Farms' Claims Team Manager, stating that the policy provisions may have been violated due to the delay in notice and State Farm may deny coverage.

22. On May 22, 2017, Plaintiff made her fourth request for a certified copy of Plaintiff's State Farm policy and declarations page, and informed State Farm that it had ignored all three previous requests and attempts to obtain Plaintiff's State Farm policy declarations page and certified policy. Plaintiff also informed State Farm the claim with Farmers was settled.

23. Again, no response was provided by State Farm.

24. Since no response from State Farm was received, on June 1, 2017, Plaintiff again wrote Erica Duncan and Sondra Zimmerman and made a fifth request to receive the declarations page and certified copy of the policy.

25. On June 15, 2017, State Farm finally provided Plaintiff with a copy of the certified policy and declarations page.

26. On July 14, 2017, Plaintiff sent a joint settlement demand to State Farm and USAA to settle Plaintiff's UM/UIM claims.

27. On July 20, 2017, Plaintiff received a letter from State Farm's employee, Erica Duncan, stating that she had received Plaintiff's settlement demand, but was unable to respond "as the coverage issue has not yet been resolved."

28. Plaintiff relied on State Farm to properly and timely evaluate her UM/UIM claim because of their knowledge, experience, and expertise in insurance matters.

## COUNT I: BREACH OF CONTRACT

29. Plaintiff incorporates by reference each and every allegation herein, whether above or below, as though fully set forth herein.

30. By issuing the policy at issue, Defendant State Farm, entered into a contract with Plaintiff.

31. By engaging in the conduct alleged herein, Defendant State Farm has willfully breached its contractual obligations to Plaintiff.

32. Plaintiff complied with all conditions precedent to its contract with State Farm.

33. Defendant State Farm's breach of its contractual obligations to Plaintiff has damaged Plaintiff in an amount to be proven at trial.

34. Defendant State Farm should have reasonably foreseen or anticipated that, as a consequence of their failure or refusal to provide the proper UM/UIM insurance coverage and to perform under their contract, Plaintiff would suffer monetary hardship, damages, and extra-contractual damages.

35. As a direct and proximate result of the breach of the contract by State Farm, Plaintiff has suffered monetary damages necessary to restore to her that which was lost by State Farm's breach, including but not limited to bodily injury damages, incidental damages, consequential damages and reliance damages, attorney's fees and costs, and other damages in an amount to be determined at trial.

36. State Farm's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a UM/UIM coverage claim, entitling Plaintiff to an award of reasonable attorney's fees and costs pursuant to NMSA 1978, §39-2-1.

37. State Farm's actions were reckless, wanton, oppressive, in bad faith and/or fraudulent entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT II:   CONTRACTUAL BENEFITS

38. Plaintiff incorporates by reference each and every allegation herein, whether above or below, as though fully set forth herein.

39. Pursuant to its contract of insurance, State Farm has a duty to pay and owes Plaintiff the UM/UIM insurance benefits under the policy.

40. Plaintiff has cooperated with every request by State Farm concerning the claim for contractual benefits.

41. State Farm and its employees and/or adjusters had a duty to exercise prompt and ordinary care in the handling of Plaintiff's UM/UIM claims.

42. State Farm through its employees and/or adjusters breached this duty by failing to properly value and make an offer to settle Plaintiff's UM/UIM claim.

43. As a direct and proximate result of State Farm's negligence, Plaintiff has suffered actual damages related to her UM/UIM claim.

44. Defendant State Farm's through the negligence of its employees/adjusters Erica Duncan and Sondra Zimmerman, has damaged the Plaintiff in an amount to be proven at trial to compensate Plaintiff for her damages.

## COUNT III:  BREACH OF FIDUCIARY DUTIES

45. Plaintiff incorporates by reference each and every allegation herein, whether above or below, as though fully set forth herein.

46. A fiduciary relationship existed between Plaintiff and State Farm.

47. State Farm and its adjusters have superior knowledge of insurance matters.

48. Plaintiff relied on Defendant State Farm's superior knowledge of insurance matters when she selected it as her insurance carrier for her automobile insurance coverage.

49. As a fiduciary, State Farm's employee/adjusters have an obligation to treat Plaintiff with equal consideration alongside Defendant's own interests.

50. State Farm breached its fiduciary duties by failing to consider or properly value Plaintiff's UM/UIM claim, and make an offer to settle.

51. Defendant State Farm breached its fiduciary duties by failing to adequately supervise, oversee, manage, and review the acts and omissions of its adjusters in connection with the review and valuation of Plaintiff's UM/UIM claim.

52. Defendant State Farm is vicariously liable for the acts and omissions of its agents and employees.

53. State Farm's breach of its fiduciary duties has damaged the Plaintiff in an amount to be proven at trial to compensate Plaintiff for her losses.

### COUNT IV:   VIOLATIONS OF UNFAIR PRACTICES ACT AND THE NEW MEXICO INSURANCE CODE

54. Plaintiff incorporates by reference each and every allegation herein, whether above or below, as though fully set forth herein.

55. Defendant State Farm through the acts and omissions of its employees/adjusters has engaged in unconscionable trade practices in violation of the New Mexico Unfair Practices Act, NMSA 1978, §57-12-1, *et seq*.

56. State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience matters to a grossly unfair degree.  State Farm's actions and omissions as described herein constitute an unconscionable trade practice of business in violation of NMSA 1978, §57-12-1, *et*

7

*seq.* State Farm's conduct in violation of NMSA 1978, §57-12-1 *et seq.* further entitles Plaintiff to a civil penalty against Defendant State Farm pursuant to NMSA 1978, §57-12-11 not to exceed five thousand dollars ($5,000.00).

57. Defendant State Farm through the acts and omissions of its adjusters, has taken advantage of Plaintiff in its failure to properly adjudicate and settle Plaintiff's UM/UIM damages claims.

58. Defendant State Farm at all times material hereto has violated its statutory duties as set forth in NMSA 1978, §59A-16-1 *et seq.*, and violation of a New Mexico state statute is negligence *per se* and Plaintiff is entitled to the remedies thereunder.

59. NMSA 1978, §59A-16-1 *et seq.*, prohibits the following and states:

> Any and all of the following practices with respect to claims, by an insurer or other person, knowingly committed or performed with such frequency as to indicate a general business practice, are defined as unfair and deceptive practices and are prohibited:
>
> A. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;
>
> B. failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;
>
> C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;
>
> D. failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;
>
> E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;
>
> . . . . . .
>
> G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately

> recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;
>
> . . . . . .

60. The actions of Defendant State Farm, as set forth above, constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to the aforementioned subsections (A), (B), (C), (D), (E), (G) and (H).

61. Defendant State Farm, as set forth above, knowingly and willfully, or with such frequency as to indicate a general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, § 59A-5-26(C)(2)(b), where Defendant:

> . . . (b) without just cause compels insureds or claimants to accept less than an amount due them or to employ an attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim. . .

62. Defendant State Farm's acts, omissions, policies and conduct in violating the New Mexico Unfair Practices Act, and the New Mexico Insurance Code have damaged Plaintiff in an amount to be proven at trial.

### COUNT VII: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

63. Plaintiff incorporates by reference all of the allegations herein, whether above or below as if fully stated herein.

64. Pursuant to the express and implied contractual relationship between Plaintiff and Defendant State Farm, Defendant State Farm was bound by an implied covenant of good faith and fair dealing.

65. Defendant State Farm breached this implied covenant by failing to adequately supervise, oversee, manage, and review the acts and omissions of its adjusters in connection with the adjudication and valuation of Plaintiff's UM/UIM claim.

66. Defendant State Farm breached this implied covenant by failing to communicate with Plaintiff about her UM/UIM benefits claim, failing to timely provide a certified copy of her auto insurance policy and declarations page, and Defendant's delay in acknowledging Plaintiff's requests for this necessary information and failure to acknowledge Plaintiff's letter of representation for almost six months from the date it was originally sent.

67. As a direct and proximate result of Defendant State Farm's breach of implied covenant of good faith and fair dealing, Plaintiff has suffered actual damages related to her UM/UIM claim.

68. Defendant State Farm's breaches of implied covenant of good faith and fair dealing were willful, wanton and in reckless disregard to the rights of Plaintiff.

69. An award of punitive damages is appropriate to punish Defendant State Farm for its willful, wanton, and reckless conduct, and to deter Defendant and others from such conduct in the future in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. Award Plaintiff just compensation for damages reasonable to compensate her for her damages and losses, including mental anguish;

2. Award compensatory damages to Plaintiff for the damages because of Defendant State Farm's conduct as described above, in an amount to be proven at trial;

3. Award Plaintiff's damages from Defendant State Farm as a result of its violations of Article 16 of the New Mexico Insurance Code in an amount to be determined at trial;

4.      Award treble damages in accordance with NMSA 1978, §57-12-10(B) (2005), and any and all damages permitted pursuant to NMSA 1978 §57-12-1 *et seq.*, which will deter Defendant State Farm and other from such unfair trade practices.

5.      Award punitive damages to Plaintiff in an amount sufficient to punish Defendant State Farm for its reckless, willful, and wanton conduct, and to deter them and other similarly situated from such conduct in the future in an amount to be proven at trial;

6.      Award Plaintiff's costs and expenses including attorney's fees;

7.      Award pre-judgment and post-judgment interest at the statutory rates; and

8.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted:

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/David M. Houliston*
DAVID M. HOULISTON, ESQ.
*Attorney for Plaintiff*
500 Tijeras Avenue NW
Albuquerque, NM 87102
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com